IN THE SUPERIOR COURT FOR THE COUNTY OF MACON

STATE OF GEORGIA

RODNEY D. HUNTER,

    Plaintiff,

Vs.

     : CIVIL ACTION FILE NO: *2015-CV-074(55)*

MACON COUNTY
SHERIFF'S DEPARTMENT,
CHARLES M. CANNON,
IN HIS OFFICIAL CAPACITY
AS SHERIFF ONLY,

    Defendant.

FILED & RECORDED
CLERK OF SUPERIOR COURT
MACON COUNTY, GA

2015 MAR 23  AM 9: 00

*Jannie M. Laidler*
CLERK OF SUPERIOR COURT

## COMPLAINT FOR DAMAGES

Comes now, Rodney D. Hunter, and files this his Complaint for Damages as follows:

### JURISDICTIONAL AND PROCEDURAL ISSUES

1.

In Macon County the Sheriff's Department is a political subdivision of the State of Georgia, located in Macon County, Georgia and is thus subject to the jurisdiction and venue of the Macon County Superior Court.

2.

Charles M. Cannon is the Sheriff for Macon County and at all times pertinent to this Complaint was the acting Sheriff of the County of Macon, State of Georgia, and is being sued in his official capacity only as the Sheriff of Macon County.

3.

Rodney D. Hunter was an inmate Trustee under the direct supervision of the Macon

COLLIER & GAMBLE, LLP
ATTORNEYS AT LAW
P.O. BOX 577
DAWSON, GEORGIA 39842

(229) 995-5657



DEFENDANT'S
EXHIBIT

A

County Sheriff's Department, and the Macon County Sheriff, Charles M. Cannon, at all times related to the incident in question and specifically on or about March 25, 2013 at which time Rodney D. Hunter was injured.

4.

Demand was placed upon the Macon County Sheriff's Department, the Macon County Commission, and the Georgia Department of Administrative Services on March 6, 2014, certified mail, return receipt requested concerning the injuries suffered by Rodney D. Hunter and a copy of this demand letter is attached hereto, marked Exhibit "A", and by express reference made a part hereto of this Complaint.

## FACTUAL ALLEGATIONS

5.

Rodney D. Hunter was a Trustee inmate under the supervision of the Macon County Sheriff's Department on or about March 25, 2013, when the Sheriff of Macon County requested that the Plaintiff climb a ladder to remove a bat who was hanging from the ceiling of one of the county buildings.

6.

Mr. Hunter, being an inmate of the Macon County Sheriff's Department, and under their direct supervision and control, complied with the request by the Sheriff, climbed the ladder, and was then handed a broom by the Sheriff to try and remove the bat from the ceiling.

7.

At this time, the ladder was being held by the Sheriff, and one of his deputies, and when the Plaintiff swung the broom at the bat, the ladder slipped, the deputy and Sheriff both failed o secure the ladder resulting in the Plaintiff falling to the ground from approximately a height of

20 feet.

8.

As a result of this fall, Plaintiff broke his ankle, tibia, and fibula, suffering four total breaks.

9.

Plaintiff also had metal screws placed in his ankle, has suffered through 3 operations, and has indicated he may likely receive further operations as result of the damage to his leg.

10.

Plaintiff has suffered a permanent disability in that movement of his ankle will be greatly limited for the rest of his life, the ankle suffered severe nerve damage, and the Plaintiff is in constant pain and suffering from the injury to the leg and he can no longer enjoy normal activities expected of an adult male of his age because of this injury.

11.

Plaintiff shows that he is entitled to receive compensation for all special damages incurred as a result of the injury, for pain and suffering, for potential lost future wages because he has become unemployable because of the injury, for his permanent disability, and for all future medical bills, pain and suffering, and related injuries.

12.

The injury described herein above was directly and proximately caused by the actions of the Sheriff and his deputy and were the result of the Sheriff's Department violating the constitutional rights of the Plaintiff as will be further described hereinafter.

COLLIER & GAMBLE, LLP
ATTORNEYS AT LAW
P.O. BOX 577
DAWSON, GEORGIA 39842
———
(229) 995-5657

## CONSTITUTIONAL VIOLATIONS

### 13.

Plaintiff shows that his due process rights were violated as guaranteed under the 4th and 14th Amendment of the United States Constitution and that the Plaintiff was deprived of life, liberty, and justice because of the actions of the Sheriff in commanding him to perform a duty, or task, for which he was not qualified, for which the Sheriff's Department has a policy or custom requiring inmates to perform and that the action of forcing the inmate to perform this duty violated his constitutional rights.

### 14.

Plaintiff shows that his rights were violated pursuant to 42 USC § 1983 and 42 USC § 1988.

### 15.

Plaintiff shows that it was the policy or custom of the local Macon County Sheriff's Department to Order inmate Trustees perform all types of duties, regardless of whether they had specific training or abilities to perform the duties instructed, at the sole discretion of the Sheriff, or his employee, and that Trustees were requested to do any and all type activities.

### 16.

Plaintiff shows that being required to perform duties such as removing bats from a ceiling constitutes a constitutional deprivation which has been visited upon the Plaintiff by the Sheriff Department's policy, or custom, of requesting assistance from Trustee to perform duties which they are neither trained, nor for which they possess the skill necessary to carry out the function demanded by the Sheriff, or his employees.

17.

Plaintiff shows that at the time he was Ordered to remove the bat he was under the complete control of the Sheriff, and the Sheriff's Department, and he was not placed in a position where he could refuse to carry out the Orders of the Sheriff but in fact had no choice but to do as commanded.

18.

Plaintiff shows that Sheriff Charles M. Cannon, sets and dictates the official policies and customs of the Macon County Sheriff Department.

19.

Plaintiff shows that these actions by the Sheriff's Department violated not only his due process rights, both procedural and substitive, but also violated his 4th and 14th Amendment rights as guaranteed by the United States Constitution.

20.

Plaintiff further shows that the Sheriff's Department failed to protect the life, liberty and property of the Plaintiff when the Sheriff, because of his custom and policy, of requiring Trustee inmates to perform all sorts of unqualified duties, caused Plaintiff to be harmed when he was placed in harm's way, abandoned at the ladder, and left to fall more than 20 feet severely injuring his leg.

21.

Plaintiff further shows that the Sheriff's Department, and the Sheriff, is directly responsible for all of the actions of the subordinate Deputy Sheriffs and that the Sheriff showed deliberate indifference, or reckless disregard, for the safety of the Plaintiff such that he was deliberately indifference to the plight of the Plaintiff and the Plaintiff was deprived of his

COLLIER & GAMBLE, LLP
ATTORNEYS AT LAW
P.O. BOX 577
DAWSON, GEORGIA 39842
—
(229) 995-5657

constitutional rights  because of the Sheriff's deliberate indifference.

22.

Specifically, the Sheriff failed to instruct the Deputy Sheriff that Plaintiff inmate should not be instructed, or required, to perform duties for which he had neither been trained nor had knowledge in how to perform and in abandoning the holding of ladder at the time that the incident took place.

23.

Plaintiff further specifically showed that the Sheriff knew that his Deputy Sheriff was engaged in conduct that posed a pervasive and reasonable risk of constitutional injuries to citizens in general, and specifically to the Plaintiff in this case, at the time he required the Plaintiff to climb the ladder, over 20 feet tall, to remove a bat from the ceiling.

24.

Plaintiff further shows that the Sheriff's response to this knowledge was so inadequate as it shows deliberate indifference to, or tactic authorization of, the alleged defensive practice and;

25.

There is an affirmative causal link between the Sheriff's inaction and the very particular constitutional injuries suffered by the Plaintiff resulting in his fall and severe injury to his leg.

**DAMAGES**

26.

Plaintiff shows that he is entitled to receive damages for all of the pain and suffering, loss of future employment, permanent disability, future pain and suffering, future medical expenditure and bills, past medical bills and special damages and any and all other damages allowed by law in an amount to be determined by the enlightened consciousness of a jury but in no event less than

COLLIER & GAMBLE, LLP
ATTORNEYS AT LAW
P.O. BOX 577
DAWSON, GEORGIA 39842

(229) 995-5657

($1,000,000) One Million Dollars.

27.

Defendant shows that he is entitled to a trial by jury in this matter.

WHEREFORE, Plaintiff prays as follows:

(1)     That Summons issue in terms of law;

(2)     That Plaintiff be awarded damages as requested in the Complaint in an amount not

less than One Million Dollars ($1,000,000);

(3)     That this case be heard by a trial by jury;

(4)     For such other and further relief as this court deems just and equitable under the

circumstances.

Respectfully submitted this _19th_ day of _March_, 2015.

W. T. Gamble, III

This Document Prepared By:

W. T. Gamble, III
State Bar No.:0283170
COLLIER & GAMBLE
Attorneys at Law
P.O. Box 577
Dawson, Georgia 39842
(229)995-5657
t@colliergamble.com
dst

COLLIER & GAMBLE, LLP
ATTORNEYS AT LAW
P.O. BOX 577
DAWSON, GEORGIA 39842
———
(229) 995-5657

SUMMONS                        SC-85-1                        Clyde Castleberry Co., Covington, GA. 30015

## IN THE SUPERIOR/STATE COURT OF___MACON_____COUNTY
### STATE OF GEORGIA

Hunter, Rodney D.

CIVIL ACTION
NUMBER  *2015- CV- 024 (JS)*

_____
PLAINTIFF

VS.

Macon County Sheriff's Department,

Charles M. Cannon, in his

official capacity as Sheriff only
_____
DEFENDANT


### SUMMONS


TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name
and address is:        W. T. Gamble, III
                       Collier & Gamble, LLP
                       P.O. Box 577
                       Dawson, GA  39842
                       (229) 995-5657

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This *23rd* day of *March*_____, 20 *15* .


                                          Clerk of Superior/State Court

                                          BY *Crystal Miller*_____
                                                          Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

## General Civil Case Filing Information Form (Non-Domestic)

**Court**       County Macon        Date Filed *3-23-2015*
☑ **Superior**                                          MM-DD-YYYY
☐ State       Docket # *2015- CV-024(JS)*

**Plaintiff(s)**

Hunter, Rodney D.

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|

**No. of Plaintiffs**  1

**Defendant(s)**

Macon County Sheriff's Department,

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|

Cannon, Charles, M. in his official capacity only

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|

**No. of Defendants**_____

**Plaintiff/Petitioner's Attorney**    ☐ **Pro Se**

Gamble, Wilbur Thomas, III

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 283170

---

### Check Primary Type (Check only ONE)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Presonal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgement Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☑ Tort (If tort, fill in right column)
☐ Other General Civil Specify_____

---

### If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident
☑ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other Specify _____

**Are Punitive Damages Pleaded?**  ☐ Yes ☐ No

---

☐ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1