IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RODNEY D. HUNTER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-137 (MTT) |
| MACON COUNTY SHERIFF'S DEPARTMENT and CHARLES M. CANNON, *In His Official Capacity as Sheriff Only*, | ) |
| Defendants. | ) |

**ORDER**

Defendants Macon County Sheriff's Department and Sheriff Charles M. Cannon have moved to dismiss Plaintiff Rodney D. Hunter's complaint for failure to state a claim. (Doc. 4). In response, the Plaintiff has moved to amend his complaint. (Doc. 6). For the following reasons, the Defendants' motion to dismiss is **GRANTED**, and the Plaintiff's motion to amend is **DENIED**.

**I. BACKGROUND**

On March 25, 2013, the Plaintiff, a trusty inmate under the supervision of the Macon County Sheriff's Department, was requested by the Macon County Sheriff to climb a ladder and remove a bat that was hanging from the ceiling in a county building. (Doc. 1-1, ¶ 5). After the Plaintiff climbed the ladder, the Sheriff handed him a broom to remove the bat. (Doc. 1-1, ¶ 6). As the Plaintiff swung the broom at the bat, the ladder slipped, and the Plaintiff fell approximately 20 feet to the ground. (Doc. 1-1, ¶ 7). The Sheriff and one of his deputies were holding the ladder while the Plaintiff attempted to

remove the bat, but they "both failed to secure the ladder," causing the Plaintiff to fall. (Doc. 1-1, ¶ 7). The Plaintiff broke his ankle, tibia, and fibula as a result of the fall. (Doc. 1-1, ¶ 8). Because of his injuries, the Plaintiff had metal screws placed in his ankle, has had three surgeries, and will likely need further surgery. (Doc. 1-1, ¶ 9). The Plaintiff alleges the fall resulted in permanent disability to his ankle. (Doc. 1-1, ¶ 10).

The Plaintiff has sued the Defendants pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Specifically, the Plaintiff alleges his due process rights were violated when the Sheriff "command[ed] him to perform a duty, or task, for which he was not qualified, for which the Sheriff's Department has a policy or custom requiring inmates to perform." (Doc. 1-1, ¶ 13). He further alleges the Sheriff's Department had a policy of requiring trusties to "perform all types of duties, regardless of whether they had specific training or abilities to perform the duties instructed, at the sole discretion of the Sheriff, or his employee, and that [trusties] were requested to do any and all type activities." (Doc. 1-1, ¶ 15).

The Plaintiff also alleges the Sheriff was deliberately indifferent to his safety by failing to "instruct the Deputy Sheriff that Plaintiff inmate should not be instructed, or required, to perform duties for which he had neither been trained nor had knowledge in how to perform and in abandoning the holding of [the] ladder at the time that the incident took place." (Doc. 1-1, ¶¶ 21-22). Additionally, the Plaintiff alleges the Sheriff

> knew that his Deputy Sheriff was engaged in conduct that posed a pervasive and reasonable risk of constitutional injuries to citizens in general, and specifically to the Plaintiff in this case, at the time he required the Plaintiff to climb the ladder, over 20 feet tall, to remove a bat from the ceiling.[1]

---

[1] The Plaintiff earlier alleges that *the Sheriff*—not the deputy—was the person who instructed the Plaintiff to climb the ladder and remove the bat from the ceiling. (Doc. 1-1, ¶ 5).

(Doc. 1-1, ¶ 23).

The Plaintiff filed this case in the Superior Court of Macon County on March 23, 2015, alleging claims for constitutional violations pursuant to § 1983 against the Macon County Sheriff's Department and Sheriff Charles M. Cannon in his official capacity. (Doc. 1-1). The Defendants removed the case to this Court on April 20, 2015, and have now moved to dismiss the complaint for failure to state a claim upon which relief can be granted. (Docs. 1; 4). In response, the Plaintiff has moved to amend his complaint. (Doc. 6).

## II. DISCUSSION

### A. Motion to Dismiss Standard

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the ... claim is and

the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

**B.  Motion to Amend Standard**

Leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotation marks and citation omitted).

**C.  Claims Against Macon County Sheriff's Department**

The Defendants contend all claims against Macon County Sheriff's Department should be dismissed because the Sheriff's Department is not a legal entity capable of being sued under Georgia law. The issue of whether a government entity is capable of being sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3); *accord Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006). Under Georgia law, only three classes of legal entities are capable of being named in a lawsuit: (1) natural persons; (2) artificial persons (a corporation); and (3) quasi-artificial persons as the law recognizes as being capable to sue. *Lawal*, 196 F. App'x at 768

(citing *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 258 Ga. 317, 368 S.E.2d 500, 502 (1988)).  A sheriff's office does not fall into any of the categories and therefore is not capable of being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Ashley v. Chafin*, 2009 WL 3074732, at *3 (M.D. Ga.).

The Plaintiff seeks to amend his complaint to substitute "the Macon County Sheriff's Department, a political subdivision of the Macon County Board of Commissioners, Charles M. Cannon, in his official capacity as Sheriff only" for the current Defendants.  (Doc. 6 at 1).[2]  The Defendants contend the amendment is futile because the complaint as amended would still be subject to dismissal.  Whether the county would be a proper party depends on whether the Sheriff in his official capacity was acting as a county or State official.

If Sheriff Cannon is acting as a county official when engaging in the activities alleged in the complaint, then the Plaintiff's suit against the Sheriff in his official capacity[3] would essentially be a suit against the county itself.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits … generally represent only another way of pleading an action against an entity of which an officer is an agent." (internal quotation marks and citation omitted)); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1545 n.2 (11th Cir. 1996).  Therefore, the Plaintiff would need to show a policy or custom of the county was the moving force behind his constitutional injuries in order to recover.  *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403-04 (1997); *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1145 (11th Cir. 2007).

---

[2] Based on the Plaintiff's motion, it appears he is viewing the parties being sued as a single defendant.

[3] He has not sued the Sheriff in his individual capacity.

On the other hand, if Sheriff Cannon is acting as an arm of the State when engaging in the activities alleged in the complaint, then the county would not be a proper party to the suit because the Plaintiff has only alleged misconduct on the part of the Sheriff and his deputies. Additionally, if Sheriff Cannon is acting as an arm of the State, he is not a "person" within the meaning of § 1983 when sued in his official capacity for damages, and thus, the claims against him would be subject to dismissal. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir 1995). Therefore, the Court turns to the claims against Sheriff Cannon in his official capacity.

### D. Claims Against Sheriff Cannon in His Official Capacity

The Defendants contend Sheriff Cannon was acting as an arm of the State.[4] To determine whether a sheriff or other entity acts as an arm of the State, courts consider: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003).[5] "Whether a defendant is an 'arm of the State' must be assessed in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." *Id.* at 1308. The relevant functions are Sheriff Cannon's

---

[4] The Plaintiff does not respond to this argument.

[5] Though this test is typically employed to determine whether a sheriff or other entity is acting as an arm of the State for Eleventh Amendment immunity purposes, it is also applicable in considering whether an entity is a "person" under § 1983. *See Will*, 491 U.S. at 70, 71 (holding that states and state officials sued in their official capacity are not "persons" and that this principle applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes"); *Bell v. Houston Cnty., Ga.*, 2006 WL 1804582, at *11-*12 (M.D. Ga.) (citing *Manders* in determining whether sheriff was a "person" under § 1983).

policy on appropriate tasks for trusty inmates, his enforcement of this policy, and training his deputies in this regard.

In conducting the above analysis, the Eleventh Circuit has repeatedly found that a Georgia sheriff acts as an arm of the State when promulgating policies at county jails. *See Scruggs v. Lee*, 256 F. App'x 229, 231-32 (11th Cir. 2007) (establishing policies for "processing detainees arrested without a warrant"); *Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga*, 400 F.3d 1313, 1325 (11th Cir. 2005) ("promulgating policies and procedures governing conditions of confinement at [a jail]"); *Manders*, 338 F.3d at 1328 ("establishing use-of-force policy at the jail and in training and disciplining his deputies in that regard"). Further, the Eleventh Circuit has specifically held that a Georgia sheriff's "authority and duty to administer the jail in his jurisdiction flows from the State, not [the county]." *Manders*, 338 F.3d at 1315.

The Court thus concludes that Sheriff Cannon was acting as an "arm of the State" in promulgating and carrying out the policy on tasks for trusty inmates and training his deputies in that regard. Therefore, a suit against Sheriff Cannon in his official capacity for damages is not a suit against a "person" pursuant to § 1983. Based on that conclusion, the Macon County Board of Commissioners is not a proper party to this lawsuit, and the Plaintiff's complaint as amended would still be subject to dismissal. *See Youngs v. Johnson*, 2008 WL 4816731, at *9 (M.D. Ga.) (holding that because sheriff was acting on behalf of the State when promulgating inmate classification/placement policy, sheriff was not a county policymaker for that claim and the county was entitled to summary judgment).

-8-

### III. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss (Doc. 4) is **GRANTED**, and the Plaintiff's motion to amend (Doc. 6) is **DENIED**.

**SO ORDERED**, this 24th day of July, 2015.

                                      S/ Marc T. Treadwell
                                      MARC T. TREADWELL
                                      UNITED STATES DISTRICT COURT